By the Court, Bronson, J.
A judgment of discontinuance might formerly be obtained on an affidavit stating, that the jus *34 tice was a material witness for the defendant, without whose . testimony he could not safely proceed to the trial of the cause. (2 R. S. 246, § 118.) But in addition to this, the defendant must now set forth “the particular facts and circumstances which he expects to prove by the justice ;” and the discontinuance is to be entered, “if the justice shall be satisfied that he is a material witness for the defendant, and that without his testimony the defendant cannot safely proceed to trial, and not otherwise.” (Stat. 1838, p. 232, § 1,) When the affidavit is sufficient, the justice cannot refuse the discontinuance on the ground that he does not recollect the facts which the defendant expects to prove by him. (Hopkins v. Cabrey, 24 Wend. 264.) But he clearly has the right to judge of the sufficiency of the affidavit. He must be “ satisfied”—acting judicially—that the ends of justice require a discontinuance of the action.
From “ the facts and circumstances” set forth in this affidavit, I am unable to see that the justice was a material and necessary witness for the defendant. He expected to prove by the justice that there was a submission and arbitration between himself and one Cutler in relation to the matter in controversy in the suit, and that Cutler revoked the submission before an award was made. I do not perceive that these facts, if proved, could have any legal influence upon the action. And although it seems that Cutler, as well as the plaintiff, claimed the demand, that would not make his acts evidence against the plaintiff. Indeed, if the plaintiff himself had made, and then revoked the submission, and there had been no award, it would not have affected his right to sue. The only thing of any importance is contained in the last clause of the affidavit; and that, at the most, only amounts to an allegation that the defendant had settled the matter with Cutler, who was either the owner of the demand, or the agent of the plaintiff. But the defendant does not state that he expected to prove these facts by the justice ; and when his attention was called to this defect, and he was requested to amend the affidavit, he refused to • do so. This goes to show that the omission was not a mere clerical *35 e'r!ror, and I think the justice was right in refusing the discontinuance-.
There are other difficulties in the case. . So far as relates to the arbitration, it appears upon the face of the affidavit that there are two other witnesses, Dailey and Hackney, who probably knew as much about the matter as the justice ; and it is no where stated in the affidavit that the defendant was not able to prove his case by other witnesses as fully as by the .justice. In Hopkins v. Cabrey, (24 Wend. 264,) the defendant stated in his affidavit that he did not know of any other person by whom he could prove the facts on which he relied. (And see Cowen’s Tr. 664, 2d ed.) I think the defendant must state enough to show that the justice is a necessary-, as well as a material witness. The justice is to be “ satisfied that he is a- material witness for the defendant, and that without his testimony the defendant cannot safely proceed to trial.”
There is some difficulty in saying that the affidavit may be made before the plaintiff has declared.(a) But it is not now necessary to pass upon that question. On the other grounds the judgment of the C. P. must be reversed, and that of the justice affirmed-.
Ordered accordingly.

 Such an affidavit Would probably not answer, except under peculiar circumstances ; at least, it can hardly be supposed that a justice’s judgment would be reversed for overruling it. See the observations in Cowen’s Treat. 662, 3, 2d ed., in connection with the case of Geib v. Icard, (11 John. Rep. 82.)